NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATEO MONTEJO TOMAS PEDRO, | No. 23-2303 |
| Petitioner, | Agency No. A213-086-707 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 24, 2025**
Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL, District Judge.***

Mateo Montejo Tomas Pedro ("Pedro"), a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

dismissing his appeal of the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

When, as here in part, "the BIA cites *Matter of Burbano* and does not expressly disagree with the IJ's decision," we review the IJ's decision as if it were the BIA's. *Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013). "Where the BIA writes its own decision, as it did here [in part], we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020).

"We review for substantial evidence the [agency]'s factual findings, which should be upheld unless the evidence compels a contrary result." *Id.* at 1076 (citation and internal quotation marks omitted). We review for abuse of discretion an agency's decision to deny a motion for continuance. *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008). We review de novo due process allegations arising out of immigration proceedings. *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. The applicant "bears the burden of proving eligibility for asylum and must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a

particular social group, or political opinion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). The requirement that the applicant show that he or she would be persecuted "on account of" a protected ground is often referred to as the "nexus" requirement. *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (citation omitted).

Substantial evidence supports the agency's determination that Pedro failed to establish nexus to a protected ground. He argues that he received threats from a rival business owner because of his membership in a particular social group of his family. However, Pedro failed to establish that the man threatened him *because* he belongs to the family. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) ("Persecution is 'on account of' a protected ground only where the persecution occurred 'because of' that ground." (citation omitted)).

In light of Pedro's failure to establish nexus, we need not address whether the threats that Pedro received rise to the level of persecution or whether the source of the persecution is the government or persons or groups that the government is unwilling or unable to control.

The record also does not compel a conclusion that the agency erred in determining that Pedro failed to show a well-founded fear of future persecution. Pedro does not dispute that he could reasonably relocate within Guatemala. *See*

*Duran-Rodriguez*, 918 F.3d at 1029.  Accordingly, substantial evidence supports the agency's denial of asylum.

2.  "An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal[.]" *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020).  Because Pedro failed to meet the lower standard for asylum, it necessarily follows that he has not established eligibility for withholding of removal.  Moreover, while the nexus "a reason" standard for withholding of removal is less demanding than the "one central reason" standard for asylum, there is no distinction when there is "no nexus at all." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

3.  To qualify for CAT protection, a petitioner must establish "that it is more likely than not that he . . . would be tortured" if returned to the country of removal. 8 C.F.R. § 1208.16(c)(2).  "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." *Id.* § 1208.18(a)(1).  "Acquiescence 'requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity.'" *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(7)).

23-2303

Substantial evidence supports the agency's denial of CAT protection. Nothing in the record shows that Guatemalan authorities were aware of or willfully blind to the threats received by Pedro and his father, as they never reported the threats to the police. *See id.*

4. The right to counsel in immigration proceedings means that "IJs must provide [applicants] with reasonable time to locate counsel and permit counsel to prepare for the hearing." *Biwot v. Gonzales*, 403 F.3d 1094, 1098-99 (9th Cir. 2005). This is a fact-specific inquiry and the court must "pay particular attention to the realistic time necessary to obtain counsel; the time frame of the requests for counsel; the number of continuances; any barriers that frustrated a petitioner's efforts to obtain counsel, such as being incarcerated or an inability to speak English; and whether the petitioner appears to be delaying in bad faith." *Id.* at 1099. "Absent a showing of clear abuse, we typically do not disturb an IJ's discretionary decision not to continue a hearing." *Id.*

Here, the IJ did not abuse its discretion in denying Pedro an additional continuance to obtain counsel, where, as the BIA rightly noted, Pedro had over a month to obtain counsel between two master calendar hearings and over a year until his individual merits hearing. Moreover, despite his inability to understand English, Pedro was advised of his right to counsel, was not incarcerated between the hearings, and was explicitly warned that he would not be given additional

continuances to get an attorney. *Compare Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) (finding no abuse of discretion where the IJ granted several continuances over two months to allow the detained applicant to acquire an attorney and warned that her case would not be continued any further), *with Biwot*, 403 F.3d at 1099-100 (finding abuse of discretion because the applicant was given only a five-day continuance to obtain counsel while incarcerated and made "diligent" efforts to seek representation).

5. The BIA properly rejected Pedro's argument that the IJ violated his due process right by failing to adequately develop the record. A petitioner facing removal "is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We "will reverse the BIA's decision on due process grounds if the proceeding was 'so fundamentally unfair that the [applicant] was prevented from reasonably presenting his case[.]'" *Id.* (citation omitted).

Here, Pedro, who appeared pro se before the IJ, received the opportunity to reasonably present his case. "The IJ explained [Pedro]'s statutory rights, detailed the court procedures," asked questions to ascertain the forms of relief that Pedro was potentially eligible to apply for, "and ensured [he] had the opportunity to procure a lawyer if he wanted one." *Hussain v. Rosen*, 985 F.3d 634, 643 (9th Cir. 2021).

The IJ also developed the record in its role as an independent factfinder. The IJ started with broad questions and let Pedro control the testimony presented, "rather than curtailing or improperly influencing the testimony ex ante." *Id.* In addition, the IJ gave Pedro an opportunity to provide his own testimony. *Id.* at 644 (distinguishing *Jacinto v. INS*, 208 F.3d 725, 734 (9th Cir. 2000), which found a due process violation primarily because "the [IJ] never gave [the applicant] the opportunity to present her own additional narrated statement").

6. Because we uphold the agency's denial of Pedro's application on the merits, we need not reach the biometrics issues.

**PETITION FOR REVIEW DENIED**.